UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHNNY and PATTY LAFALIER, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-CV-0005-CVE-TLW |
| ) | |
| **CINNABAR SERVICE COMPANY, INC,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Defendant State Farm Fire and Casualty Company (State Farm) removed this case to federal court on December 29, 2009 and the Court sua sponte directed the parties to address whether the Court has subject matter jurisdiction over this case under the Class Action Fairness Act of 2005 (CAFA). The parties have fully briefed their arguments on the issue of subject matter jurisdiction and the Court held a hearing on February 19, 2010. The parties have also submitted supplemental briefing and evidence as requested by the Court at the hearing.

**I.**

On April 2, 2009, 52 plaintiffs filed this case in Tulsa County District Court alleging that the Lead-Impacted Communities Relocation Assistance Trust (the Trust) colluded with insurance companies to defraud Oklahoma residents participating in the buyout of homes in or near the Tar Creek Superfund Site. Dkt. # 3-2, at 1-5. Plaintiffs allege that the Trust used artificially low appraisals by Cinnabar Service Company, Inc. (Cinnabar) and Van Tuyl and Associates (Van Tuyl) to reduce payments to homeowners eligible to participate in the buyout. Plaintiffs allege that a tornado on May 10, 2008, damaged many homes in Picher, Oklahoma, and the Trust improperly

reduced payments under the buyout by the amount paid by homeowner's insurers for property damage claims. Plaintiffs also brought claims against the insurers for breach of contract and bad faith concerning the handling of insurance claims following the tornado. Id. at 6-7. However, the Trust was not named as a party. Instead, the original petition alleged that defendants J.D. Strong, Secretary of the Environment for the State of Oklahoma, Larry Roberts, the Operations Manager for the Trust, Van Tuyl, and Cinnabar[1] violated the Oklahoma Open Meetings Act, OKLA. STAT. tit. 25, § 302 et seq. (OMA). Plaintiffs alleged that "[d]efendants Cinnabar and Van Tuyl willfully and recklessly carry out cursory appraisals and maliciously treat plaintiffs unfairly and prejudicially," and plaintiffs may intend to assert other state law claims against Cinnabar and Van Tuyl.[2] Dkt. # 3-2, at 5-6. Plaintiffs also allege that the Insurer Defendants conspired with the Trust to reduce payment on property damage claims following the tornado, and the Insurer Defendants breached the subject insurance policies and acted in bad faith. Id.

---

[1] The Court will refer to these defendants as the "Trust Defendants." Plaintiff has also brought claims against ten insurance companies - State Farm, Allstate Insurance Company, America First Insurance Company, American Bankers Insurance Company of Florida, American Modern Home Insurance Company, National Security Fire and Casualty Company, Oklahoma Farm Bureau Mutual Insurance Company, Shelter Insurance Company, American Farmers and Ranchers Mutual Insurance Company, and American Western Home Insurance Company - and the Court will refer to these defendants as the "Insurer Defendants."

[2] The petition is not clear as to the legal basis for all claims against any defendant, and it is likely that plaintiffs intend to assert numerous claims against the Trust Defendants.

2

On the same day, the same attorneys filed a putative class action in Ottawa County District Court (the Ottawa County case) against the Trust only.[3] Plaintiffs Johnny and Patty Lafalier allege in the Ottawa County case that the Trust violated the OMA and improperly reduced payments to affected residents using amounts paid by homeowners insurers following the tornado. Dkt. # 3-7, at 1-6. They requested certification of a class of:

> [c]itizens or former citizens of Picher, Oklahoma, who had their property undervalued in assessment by [the Trust] and/or who had reductions in their Trust assessments or payments equal to monies received from private insurance or the Federal Emergency Management Agency (FEMA) due to property damage caused by a tornado occurring on May 10, 2008."

Id. at 5-6. The plaintiffs in the Ottawa County case also requested certification of two subclasses within this broader class definition. The first subclass would consist of all persons who had their property appraised by the Trust and participated in the buyout, and the second subclass would contain all persons whose payments under the buyout were reduced by the amount those persons received from insurance companies following the May 10, 2008 tornado. Id. at 6.

In this case, plaintiffs filed an amended petition adding 44 new plaintiffs, bringing the total to 96 plaintiffs. Dkt. # 3-2, at 11. This was not enough plaintiffs for the case to qualify as a mass action under CAFA, because there were not at least 100 persons who proposed to jointly try claims involving a common question of law or fact. See 28 U.S.C. § 1332(d)(11)(B)(i). On October 30,

---

[3] Plaintiffs stated that this case was filed before the Ottawa County case, but State Farm questioned whether this was possible. Plaintiffs filed this case in Tulsa County District Court at 3:23 p.m. on April 2, 2009, and the Ottawa County District Court closes at 5:00 p.m. It is approximately 100 miles from Tulsa, Oklahoma to Miami, Oklahoma. Before the hearing on February 19, 2010, an Oklahoma Highway Patrol trooper asked to speak to the Court and stated that he attempted to conduct a traffic stop of plaintiffs' counsel that morning. The trooper stated that plaintiff's counsel "was driving so fast . . . that they couldn't catch him." Dkt. # 43, at 28-29. The Court accepted plaintiffs' counsel's statement that he filed this case before the Ottawa County case. Id. at 29.

3

2009, plaintiffs filed a second amended petition asserting the same claims as in the original petition and naming a total of 207 plaintiffs. Id. at 22.

State Farm removed this case to federal court under CAFA, stating that this case is a "mass action" involving 100 or more plaintiffs and the amount in controversy exceeds $5 million. Dkt. # 3, at 8. State Farm argues that the plaintiffs "clearly propose that their claims be tried jointly on the ground that they involve common questions of law or fact . . . [they] purport to assert their claims pursuant to Oklahoma's permissive joinder statute . . . ." Dkt. # 3, at 9. State Farm notes that plaintiffs allege that the Insurer Defendants colluded with each other and the Trust to reduce payments on property damage claims following the May 10, 2008 tornado and payouts by the Trust:

> The plaintiffs purported claims involve asserted common questions of law and fact. For example, plaintiffs allege that the Insurer Defendants "individually *and in concert* embarked on a course of 'low balling' and cheating policyholder plaintiffs on property damage claims." Plaintiffs also allege that the Insurer Defendants "*engage in a concerted practice* of failing to reveal all coverages available to plaintiff policy holders and failing to properly adjust and pay personal property or contents claims which are either improperly denied or low balled."

Id. at 10 (internal citations omitted). State Farm relies solely on the value of plaintiffs' claims against the Insurer Defendants to establish that the amount in controversy exceeds $5 million, and assumes that each of the 207 plaintiffs has a claim against one of the Insurer Defendants. Id. at 12-21. State Farm did not argue that plaintiffs' claims against the Insurer Defendants were fraudulently misjoined with plaintiffs' claims against the Trust Defendants.

The Court sua sponte asked the parties to brief whether this case was subject to remand under the local controversy exception to the CAFA. Dkt. # 15. State Farm filed a response to the Court's order, but plaintiffs did not file a response. State Farm argued that the local controversy exception does not apply and that the Trust Defendants were fraudulently misjoined as parties to prevent

removal of the case to federal court. State Farm also argued, and the Court agreed, that plaintiffs had the burden to show that any exception to CAFA applied. The Court advised plaintiffs that the Court would retain jurisdiction over the case, without considering the applicability of any exception to jurisdiction under CAFA, if plaintiffs failed to respond to the Court's prior order. Dkt. # 21. Plaintiffs subsequently filed a response asking the Court to remand the case and asserted five arguments in support of this request: (1) the local controversy exception to CAFA applies; (2) the home state exception to CAFA applies; (3) the Trust Defendants were not fraudulently misjoined; (4) this case is not a mass action under CAFA; and (5) the Court should remand the case in the "interests of justice" as permitted by 28 U.S.C. § 1332(d)(3).

The Court held a hearing on February 19, 2010 to consider the parties' arguments concerning the applicability of the local controversy and other exceptions to CAFA. State Farm argued that plaintiffs had not met their initial burden to show that at least two-thirds of the plaintiffs were citizens of Oklahoma on the date this case became removable to federal court. Dkt. # 43, at 14-15. The Court directed plaintiffs to submit affidavits from each plaintiff establishing their citizenship as of December 21, 2009.[4] Id. at 17-18. State Farm argued that the local controversy exception does not apply, because a class action concerning similar factual allegations against the Trust was filed within the three years preceding the filing of this case. Plaintiffs responded that their attorneys did file a class action against the Trust asserting similar claims, but the Trust is not a party in this case and the Ottawa County case was filed after this case. Id. at 23-29. State Farm also asserted that

---

[4] The second amended petition was filed on October 30, 2009, but the case did not become removable until December 21, 2009. Plaintiffs' filed the second amended petition without leave of court and Cinnabar objected to the filing of an amended pleading. Dkt. # 3, at 5. The state court denied Cinnabar's motion to strike the second amended petition, and it became the operative pleading for this case on December 21, 2009. Id. at 7.

plaintiffs fraudulently misjoined their claims against the Trust Defendants and the Insurer Defendants with the purpose of preventing removal of this case to federal court. State Farm asked the Court to sever the claims against each group of defendants, remand the claims against the Trust Defendants, and retain jurisdiction over the claims against the Insurer Defendants. Id. at 41-42. The Court permitted the parties to file supplemental briefing and evidentiary material on State Farm's argument that there is no common issue of law or fact allowing joinder of plaintiffs' claims against the Trust Defendants and the Insurer Defendants.

## II.

Plaintiffs ask the Court to remand this case to Tulsa County District Court on three grounds: (1) this case is not a mass action as defined by CAFA; (2) the case falls within the "local controversy" exception; and (3) the case should be remanded in the interests of justice.[5] State Farm argues that plaintiffs' claims against the Trust Defendants may be subject to remand. However, State Farm asks the Court to find that plaintiffs fraudulently misjoined claims against the Insurer Defendants to defeat federal subject matter jurisdiction, and requests that the Court sever the claims against the Insurer Defendants under Fed. R. Civ. P. 21 and remand plaintiffs' claims against the Trust Defendants only.

## A.

State Farm removed this case to federal court on the basis that it is a "mass action" under CAFA. Congress permitted removal of mass actions, as opposed to just class actions, to "prevent[] plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to

---

[5]  If the Court determines that more than two-thirds of the plaintiffs are citizens of Oklahoma, the interests of justice exception does not apply and the Court will not reach that issue.

seek class certification." Lowery v. Alabama Power Co., 483 F.3d 1184, 1198 n.32 (11th Cir. 2007).

A mass action is defined as:

> any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [28 U.S.C. § 1332(a)].

28 U.S.C. § 1332(d)(11)(B)(i).  However, CAFA excludes a case meeting these requirements from the definition of a mass action if "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State."  Id. at § 1332(d)(11)(B)(ii)(I).  Although there are not many cases interpreting this language, courts have consistently construed the "event or occurrence" language to apply only in cases involving a single event or occurrence, such as an environmental accident, that gives rise to the claims of all plaintiffs.  Aburto v. Midland Credit Management, Inc., 2009 WL 2252518, *4 (N.D. Tex. July 27, 2009); Galdasti v. Sunvest Communities USA, LLC, 256 F.R.D. 673, 676 (S.D. Fla. 2009); Cooper v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008).

Plaintiffs argue that this case is not a mass action because the claims arise out of a single event or occurrence that occurred in Oklahoma and the alleged injury occurred solely in Oklahoma. Dkt. # 27, at 14-15.  Based on the second amended petition, it is reasonable to treat the events giving rise to this case as occurring in Oklahoma.  The Trust was formed under Oklahoma law and provides funds to Oklahoma residents living near the Tar Creek Superfund Site to assist those residents with relocation.  However, State Farm argues that the "single event or occurrence" language was not intended to apply to insurance cases, and was primarily designed to keep environmental cases involving a single incident in the courts of the state where the event occurred. Dkt. # 38, at 9.  The

language of the statute is plain and even the case cited by State Farm, Galdasti, 256 F.R.D. 673, does not exclude insurance cases from the "single event or occurrence" exception. Other courts have applied the "single event or occurrence" exception to any case in which all of the claims arise from an event or occurrence in the forum state. See Mobley v. Cerro Flow Prods., Inc., 2010 WL 55906 (S.D. Ill. Jan. 5, 2010); Clayton v. Cerro Flow Prods, Inc., 2010 WL 55675 (S.D. Ill. Jan. 4, 2010). The Court rejects State Farm's argument that insurance cases are categorically excluded from the "single event or occurrence" exception, and will consider whether this exception to the definition of "mass action" applies.

In this case, plaintiffs' claims do not arise out of a single event or occurrence and this case qualifies as a mass action under CAFA. Based on the second amended petition, plaintiffs allege that various insurance companies denied or reduced payments on insurance claims following the May 10, 2008 tornado and the Trust subsequently devalued each plaintiff's home for the purpose of the buyout based on the amount of the insurance payments. Plaintiffs' claims are based on a series of events, including the tornado, numerous alleged denials or reductions of insurance claims following the tornado, and subsequent reductions of payments by Trust based on the insurance claims. There is no single event or occurrence giving rise to plaintiffs' claims but, instead, there is a series of potentially related events. This is not the type of case that was intended to be excluded from coverage under CAFA, and the case falls within the definition of a mass action. Galdasti, 256 F.R.D. at 676-77; Cooper, 586 F. Supp. 2d at 1316-17.

**B.**

Plaintiffs argue that this case should be remanded to state court under the local controversy exception to CAFA, because the vast majority of the parties are citizens of Oklahoma and the case concerns events that occurred solely in Oklahoma. Dkt. # 27, at 13. State Farm responds that the Ottawa County case precludes application of the local controversy exception and, even it does not, plaintiffs have not met their burden to establish each element of the local controversy exception.

In the order to show cause, the Court cited the local controversy exception as the basis for questioning the existence of subject matter jurisdiction over this case. Dkt. # 15. Under this exception to jurisdiction under CAFA:

A district court shall decline to exercise jurisdiction under paragraph (2) –

(A)(i) over a class action in which –

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant –
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4). There are four requirements that must be satisfied for the local controversy exception to apply: (1) more than two-thirds of the plaintiffs are citizens of the state where the case was filed; (2) the principal injury occurred in the forum state; (3) at least one of the primary defendants qualifies as a "local defendant;" and (4) no other similar class action was filed during the three years preceding the filing of the case. See Coffey v. Freeport McMoran Copper & Gold, 581 F.3d 1240, 1243 (10th Cir. 2009). The "local controversy" exception is treated as exception to jurisdiction, and the party seeking remand has the burden to show that the local controversy exception applies. Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006); Cox v. Allstate Ins. Co., 2008 WL 2167027 (W.D. Okla. May, 22, 2008).

For the first element, plaintiffs must establish that at least two-thirds of the plaintiffs were citizens of Oklahoma on the date this case became removable. 28 U.S.C. §§ 1332(d)(4) and (d)(7). Some courts have adopted a "reasonable probability" standard to determine if at least two-thirds of the plaintiffs are from the forum state. Dunham v. Coffeyvill Resources, LLC, 2007 WL 3283774 (D. Kan. 2007); Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70, 80 (S.D.N.Y. 2006). State Farm asks the Court to impose a much heavier burden on plaintiff, and argues that plaintiffs' affidavits are insufficient to establish plaintiffs' citizenship on the date this case became

removable.[6] While the Court cannot make a "leap of faith" and assume that plaintiffs are citizens of Oklahoma, most courts that have addressed this issue have not imposed a heavy burden on plaintiffs in a class or mass action to establish their citizenship for the purpose of the local controversy exception. In re Spring Nextel Corp., 593 F.3d 669, 673 (7th Cir. 2010) (applying a preponderance of the evidence standard to determine if the plaintiffs established their citizenship for the purpose of the home state exception); Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 797 (5th Cir. 2007) (same). Mere allegations that plaintiffs are citizens of Oklahoma will not suffice, and plaintiffs must come forward with some evidence establishing their citizenship. McMorris v. TJX Cos., Inc., 493 F. Supp. 2d 158, 165 (D. Mass. 2007).

In response to defendants' request and the Court's order, plaintiffs have submitted affidavits from individual plaintiffs stating that 176 plaintiffs were citizens of Oklahoma on December 21, 2009. Each affidavit states the plaintiff's name and provides the plaintiff's address as of December 21, 2009. See Dkt. # 51-3, at 1. The affidavits also state that the plaintiff has "continuously resided in Oklahoma since December 21, 2009," and that the plaintiff "intend[s] on remaining a resident and citizen of Oklahoma." Id. The second amended petition identifies 207 plaintiffs and, for the first element of the local controversy exception to apply, at least 139 plaintiffs must have been citizens of Oklahoma on December 21, 2009. State Farm claims that plaintiffs' affidavits are inconsistent with prior address lists provided by plaintiffs' counsel, and the affidavits are not reliable evidence

---

[6]  The Court notes that State Farm did not believe that such a heavy burden applied when it filed its notice of removal. The notice of removal states that plaintiffs' second amended petition does not expressly allege the citizenship of any plaintiff. However, State Farm asks the Court to infer that at least one plaintiff is a citizen of Oklahoma because the events alleged in the second amended petition occurred in Picher and that each plaintiff allegedly owned property in Picher. Dkt. # 3, at 11-12. Under the standard State Farm seeks to impose on plaintiffs, the case could never have been removed to federal court.

of plaintiffs' citizenship. Dkt. # 65, at 4. State Farm has conducted its own investigation into the citizenship of certain plaintiffs, and claims that the addresses listed for 13 plaintiffs are unoccupied homes or vacant lots. Id. at 2. State Farm also states that two of the plaintiffs who submitted affidavits stating that they were citizens of Oklahoma on December 21, 2009 have been living in California since September 2008, and the Court should not consider these plaintiffs as citizens of Oklahoma. Id. at 2-3.

The Court finds that plaintiffs' affidavits are sufficient to establish their domicile and their intent to remain residents of Oklahoma on the date the case became removable to federal court, and plaintiffs have met their burden to prove by a preponderance of the evidence that at least two-thirds of the plaintiffs were citizens of Oklahoma on December 21, 2009. Assuming that State Farm's independent investigation calls into question the citizenship of certain plaintiffs, State Farm has not shown that the affidavits are unreliable as to the plaintiffs as a whole. Of the 207 total plaintiffs, 176 plaintiffs have submitted affidavits that they resided in Oklahoma on December 21, 2009 and they intended to remain residents of Oklahoma for an indefinite period.[7] State Farm questions whether 15 of these 176 plaintiffs should be treated as citizens of Oklahoma. Id. at 2. Even if these 15 plaintiffs are excluded, this leaves 161 plaintiffs who are citizens of Oklahoma and this exceeds the requirement that two-thirds, or 139, of the plaintiffs were citizens of Oklahoma on December 21, 2009.

---

[7] State Farm objects to the consideration of the affidavits of plaintiffs who did not live in Oklahoma on December 21, 2009, but stated that they intended to return to Oklahoma in the future. Id. at 3-4. For the purpose of determining whether the first element of the local controversy exception is satisfied, the Court is considering only the 176 affidavits of plaintiffs who resided in Oklahoma on December 21, 2009, and will not consider the four affidavits objected to by State Farm.

The parties do not dispute that the second element of the local controversy exception is satisfied, as it is clear that plaintiffs' alleged principal injury occurred in Oklahoma. Each plaintiff owned property in or near the Tar Creek Superfund Site and participated in the buyout, and the tornado giving rise to the disputed insurance claims occurred in Picher, Oklahoma. Thus, there is no dispute that plaintiffs' principal injury occurred in Oklahoma.

The parties dispute whether one of the primary defendants qualifies as a "local defendant" under the local controversy exception. Plaintiffs have named Strong, the Secretary of the Environment for the State of Oklahoma, Roberts, the Operations Manager for the Trust, Cinnabar, and Van Tuyl, as defendants, and plaintiffs allege that these defendants are citizens of Oklahoma. Of these defendants, Cinnabar originally took no position on the applicability of the local controversy exception (Dkt. # 20), Strong and Roberts asked the Court to remand the case to state court (Dkt. # 16), and Van Tuyl has not been served. Plaintiffs argue that each plaintiff has a claim against Strong, Roberts, Cinnabar and Van Tuyl, but not all plaintiffs have claims against one of the Insurer Defendants. State Farm argues that plaintiffs' claims against the Trust Defendants were fraudulently misjoined with plaintiffs' claims against the Insurer Defendants, and the Court should sever the claims against the Insurer Defendants and retain jurisdiction over these claims, while remanding the claims against the Trust Defendants to state court under the local controversy exception. The Court allowed the parties to submit additional evidence and briefing on the issue of fraudulent misjoinder following the February 19, 2010 hearing. See Dkt. # 41, at 1; Dkt. # 43, at 56-58.

To qualify as a local defendant, the defendant must be a citizen of the forum state whose conduct forms a significant basis for the plaintiffs' claims and the plaintiffs must seek "significant relief" from this defendant. 28 U.S.C. § 1332(d)(4)(A)(II). The Court must focus on the allegations of the complaint and determine whether plaintiffs seek significant relief from the local defendant, and the defendant's ability to satisfy a judgment is irrelevant. Coffey, 581 F.3d at 1244-45. The Court must also compare the local defendant's conduct with the alleged conduct of all defendants to determine if the actions and the relief sought from the defendant is significant in view of the entire wrong alleged in the complaint. Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 157 (3d Cir. 2009); Evans, 449 F.3d at 1167; Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co., 592 F. Supp. 2d 522, 528 (S.D.N.Y. 2008). It is also relevant whether plaintiffs seek relief against defendants jointly and severally. Coffey, 581 F.3d at 1244-45. The Court may consider only those defendants "presently" involved in the case, and may not consider the relief sought against unserved defendants or defendants proposed to be joined in an amended pleading. Kaufman, 561 F.3d at 153.

Plaintiffs allege that Strong, Roberts, and Cinnabar[8] conspired to reduce the appraisals of plaintiffs' homes during the buyout and violated the OMA in an attempt to cover up their conduct. Dkt. # 3-2, at 27-29. Each plaintiff asserts a claim against Strong, Roberts, and Cinnabar and, as will be discussed in connection with State Farm's fraudulent misjoinder argument, many plaintiffs do not have claims against the Insurer Defendants. See infra at 16. Plaintiffs ask the Court to focus on the number of claims against the Trust Defendants and compare that number to the smaller number of claims against the Insurer Defendants. Dkt. # 27, at 13. This is a factor the Court should

---

[8] Van Tuyl has not been served and has not entered an appearance in this case, and the Court may not consider whether Van Tuyl is a "local defendant" under CAFA. See Kaufman, 561 F.3d at 153.

14

consider when determining if Strong, Roberts, or Cinnabar qualify as local defendants under the statute. Anderson v. Hackett, 646 F. Supp. 2d 1041 (S.D. Ill. 2009) ("the Court finds [defendant] to be a significant defendant because the allegations against it form the basis for a right to relief for most or all of the members of the proposed plaintiff class"). At the February 19, 2010 hearing, plaintiffs' counsel argued that the relief sought against the Trust Defendants was the primary basis for the relief sought by plaintiffs, and the relief sought against the Insurer Defendants was "collateral." Dkt. # 43, at 30 ("It's our belief and opinion at this point that the insurance claims are more collateral in nature to the primary claims which we believe are Cinnabar and Van Tuyl, Strong and this [sic] Oklahoma State defendants."). Although plaintiffs backed off from this position when arguing against fraudulent misjoinder, a review of the second amended petition and plaintiffs' filings supports plaintiffs' initial argument that they primarily seek relief against the Trust Defendants. The second amended petition shows that each plaintiff asserts claims against the Trust Defendants for allegedly undervaluing their property and improperly decreasing payments under the buyout. Dkt. # 3-2, at 27-29. It is not clear how many plaintiffs are asserting claims against the Insurer Defendants, but it is clear that not all plaintiffs have claims against the Insurer Defendants. Id. at 26 (stating that "numerous" plaintiffs, but not all plaintiffs, collected money from the Insurer Defendants for property damage claims following the tornado).

The Court finds that Strong, Roberts, and Cinnabar satisfy the local defendant requirement for the local controversy exception. Plaintiffs allege that Strong, Roberts, and Cinnabar are citizens of Oklahoma and their conduct forms a significant basis for plaintiffs' claims, and State Farm does not dispute plaintiffs' allegations on these two issues. Every plaintiff asserts a claim against Strong, Roberts, and Cinnabar, and the primary basis for plaintiffs' requested relief is the alleged

15

undervaluing of their property for distribution of funds from the buyout. The Insurer Defendants have confirmed that many fewer than 207 plaintiffs submitted insurance claims following the May 10, 2008 tornado and, in relation to plaintiffs' claims as a whole, the claims against the Insurance Defendants are collateral to the buyout issues. Dkt. # 46, at 8 n.8 (State Farm cites evidence showing that not all plaintiffs had homeowner's insurance or did not submit insurance claims following the tornado); Dkt. # 48, at 1-2 (two plaintiffs were insured by defendant American Modern Home Insurance Company) Dkt. # 62, at 1 (defendant American Western Home Insurance Company states that only two plaintiffs had an insurance policy with this defendant). State Farm has not offered any argument in opposition to plaintiffs' claim that they are seeking significant relief from the Trust Defendants. Dkt. # 18, at 16-17; Dkt. # 43, at 40. Instead, State Farm argues that plaintiffs cannot show any relationship between plaintiffs' claims against the Insurer Defendants and the Trust Defendants, and asserts that the local controversy exception does not apply to plaintiffs' claims against the Insurer Defendants, even if Strong, Roberts, or Cinnabar are local defendants within the meaning of the local controversy exception. In fact, State Farm's fraudulent misjoinder argument relies heavily on State Farm's position that plaintiffs' claims focus on the conduct of the Trust Defendants, and State Farm asks the Court to remand the claims against the Trust Defendants only. State Farm's position impliedly acknowledges that plaintiffs seek significant relief from the Trust Defendants, and the Court finds that plaintiffs have met their burden to show that Strong, Roberts, and Cinnabar are local defendants under the local controversy exception.

      State Farm argues that plaintiffs have fraudulently misjoined the Trust Defendants in this case in an attempt to defeat the Court's jurisdiction under CAFA, and the Court should sever plaintiffs' claims against the Insurer Defendants and retain jurisdiction over that part of the case.

It asserts that plaintiffs have improperly joined claims against the Insurer Defendants when joinder is not permissible under Fed. R. Civ. P. 20, and there was no reasonable basis for plaintiffs to believe that such joinder was proper. Dkt. # 18, at 17-18. Plaintiffs respond that the second amended petition includes allegations that the Insurer Defendants colluded with the Trust Defendants, and plaintiffs have alleged a common issue of law or fact permitting joinder of plaintiffs' claims in one lawsuit. Dkt. # 27, at 18-19.

Fraudulent joinder is the joinder of a non-diverse defendant "having no real connection to a case," while fraudulent misjoinder is the misjoinder of entirely distinct claims against two or more groups of defendants in violation of Rule 20 in attempt to defeat diversity jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). Only the Eleventh Circuit Court of Appeals has expressly adopted the doctrine of fraudulent misjoinder, and that decision, Tapscott, was abrogated on other grounds. See Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Other federal courts have considered whether fraudulent misjoinder is a basis for removal, but no other federal circuit court of appeals has adopted fraudulent misjoinder. In re Prempro Products Liability Litigation, 591 F.3d 613, 622 (8th Cir. 2010); In re Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); California Dump Truck Owners Assoc. v. Cummins Engine Co., Inc., 24 Fed. Appx. 727 (9th Cir. 2001). Courts have generally declined to entertain arguments concerning fraudulent misjoinder when reviewing subject matter jurisdiction under CAFA. Bankcroft v. Bayer Corp., 2009 WL 3156706 (S.D. Ill. Sep. 29, 2009); Nichols v. Progressive Direct Ins. Co., 2007 WL 1035014 (E.D.Ky. Mar. 31, 2007). The Tenth Circuit has not expressly adopted the doctrine of fraudulent misjoinder in any setting.

Even if the Court were inclined to apply the doctrine of fraudulent misjoinder, this would not be an appropriate case for application of the doctrine, because it is not clear from the second amended petition whether the Court would have an independent basis for subject matter jurisdiction over the severed claims against the Insurer Defendants. Defendants have argued that very few plaintiffs actually assert claims against the Insurer Defendants and State Farm's argument is consistent with the statements of plaintiffs' counsel at the February 19, 2010 hearing. Thus, it is not clear that at least one hundred plaintiffs with claims totaling $5 million have claims against the Insurer Defendants, and the Court would be speculating if it determined that it had an independent basis for subject matter jurisdiction over the severed claims. State Farm's fraudulent misjoinder argument is also contrary to the notice of removal because, in the notice of removal, State Farm acknowledged that plaintiffs alleged joint conduct among all defendants named in the second amended petition. Dkt. # 3, at 9 (arguing that this case was a mass action due to the proper joinder of claims by 100 or more plaintiffs). The notice of removal accurately states that plaintiffs' second amended petition alleges a conspiracy between the Trust and Insurer Defendants. Dkt. # 3-2, at 30 (the second amended complaint alleges that the Insurer Defendants "coupled and in concert with" Cinnabar and Van Tuyl conspired to reduce insurance payments and payments under the buyout). The second amended complaint includes sufficient allegations to establish that joinder of claims against the Trust Defendants and Insurer Defendants is proper and State Farm did not contest this issue in the notice of removal, and the Court will not consider fraudulent misjoinder as a basis to retain jurisdiction over part of this case.

Finally, State Farm argues that the local controversy exception does not apply because plaintiffs' counsel filed a separate class action in Ottawa County asserting similar allegations on the same day this case was filed. Dkt. # 18, at 12. Plaintiffs respond that the Ottawa County class action was filed on the same day but after this case was filed, and there was no class action filed in the three years "preceding" the filing of this case. Dkt. # 27, at 14. State Farm has provided a copy of the petition in the Ottawa County case, but it is not time-stamped and it is not possible to tell from the face of the petitions which case was filed first. Dkt. # 3-7, at 1.

As the Court noted at the hearing, the time the petitions were filed is a red-herring and it has no bearing on the applicability of the local controversy exception.[9] Dkt. # 43, at 21. The plain statutory language is that the local controversy exception does not apply if a class action asserting the "same or similar factual allegations against any of the defendants" has been filed within 3 years preceding the filing of the case. The factual allegations in both cases are certainly "similar," but the Trust was not named as a defendant in this case. Thus, the Ottawa County case does not constitute a class action that would prevent remand of the case under the local controversy exception. State

---

[9] Even though the timing issue is a red-herring, the Court finds that this case was filed before the Ottawa County case, and there was no class action concerning the same or similar allegations on file at the time plaintiffs' filed this case. The original petition is time-stamped and shows that this case was filed in Tulsa County District Court at 3:23 p.m. on April 2, 2009. Dkt. # 3-2, at 1. Defense counsel questioned whether plaintiff's counsel could drive to Miami, Oklahoma in time to file the Ottawa County case before the close of business. The statements of an Oklahoma Highway Patrol (OHP) officer who conducted a traffic stop of plaintiffs' counsel before the February 19, 2010 hearing establish that plaintiffs' counsel has a history of driving very fast. Dkt. # 43, at 29 (the OHP officer informed the Court that plaintiffs' counsel was driving so fast that the OHP officer could not pull plaintiffs' counsel over until he reached the city limits of Tulsa). Plaintiffs' counsel Jeff D. Marr stated that he did file the Ottawa County case just before the close of business on April 2, 2009, and his co-counsel, Emily N. Kitch, confirmed his statements. Id. at 26-27. The Court accepts the representations of plaintiffs' counsel, and finds that he did file the Ottawa County case after filing this case.

19

Farm argues that it not necessary for the plaintiffs in both cases to bring claims against the same defendants, because plaintiffs served both petitions on Roberts in his capacity as Operations Manager of the Trust and both petitions contain numerous factual allegations about Roberts. However, the plain language of the statute shows that similar factual allegations must be made against the same "defendant" in both cases. While Roberts was served with process in his capacity as operations manager of the Trust in the Ottawa County case, he was not named as a defendant in the Ottawa County Case and there was no class or mass action against any defendant in this case concerning the same or similar factual allegations pending at the time this case was filed.

The Court finds that plaintiffs have established each element of the local controversy exception under § 1132(d)(4), and this case should be remanded to Tulsa County District Court.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case, and the Court Clerk is directed to **remand** this case to the District Court of Tulsa County.

**DATED** this 13th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT