UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHNNY and PATTY LAFALIER, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-CV-0005-CVE-TLW |
| ) | |
| **CINNABAR SERVICE COMPANY, INC,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is State Farm Fire and Casualty Company's Expedited Motion to Reopen Case and for an Order Staying the Effect of the Court's Remand Order Pending Appeal and Memorandum of Law in Support (Dkt. ## 82, 83). Defendant State Farm Fire and Casualty Company (State Farm) asks the Court to reopen this case and stay its opinion and order (Dkt. # 80) remanding the case to Tulsa County District Court pending resolution of State Farm's motion for permission to appeal under 28 U.S.C. § 1453(c). Plaintiffs respond that the Tenth Circuit Court of Appeals lacks jurisdiction to hear State Farm's appeal and the motion for permission to appeal is meritless.[1]  Dkt. # 85.

---

[1] The Court will not address either of plaintiffs' arguments. Plaintiffs should raise their argument concerning appellate jurisdiction to the Tenth Circuit, and it would not be appropriate for this Court to express any opinion on that issue. The parties have raised arguments as to whether this Court should have retained jurisdiction or remanded the case, but those issues are outside of the scope of State Farm's motion. The Court notes that State Farm argues in its motion for permission for appeal that the Court focused on the wrong filing - the original petition filed in Tulsa County District Court - when determining if the putative Ottawa County class action was filed in the three years preceding the filing of this case, but this argument was not raised before this Court. Petition for Permission to Appeal Remand Order under 28 U.S.C. § 1453(c), at 20 n.7.

On April 13, 2010, the Court entered an opinion and order (Dkt. # 80) remanding the case to Tulsa County District Court. The Court determined that it lacked subject matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA), because this case met the requirements of the local controversy exception to CAFA and remand was required under 28 U.S.C. § 1332(d)(4). State Farm has filed a motion for permission to appeal the Court's remand order to the Tenth Circuit, and that motion is currently pending before the Tenth Circuit.

The first issue the Court must consider is whether it has authority stay a remand order when the Court has determined that it lacks subject matter jurisdiction over this case. Under 28 U.S.C. § 1447(d), an order remanding a case to state court is generally not reviewable on appeal. See Coffey v. Freeport McMoran Copper & Gold, 581 F.3d 1240, 1248-49 (10th Cir. 2009). A district court is divested of jurisdiction over a case upon the mailing of a remand order to the state court if the remand order is based on any ground listed in 28 U.S.C. § 1447(c). Shapiro v. Logistec USA, Inc., 412 F.3d 307, 312 (2d Cir. 2005). This includes a remand for lack of subject matter jurisdiction. However, a federal court of appeals may exercise its discretion to accept an appeal from a district court's order granting or denying a motion to remand under CAFA. 28 U.S.C. § 1453(c); Coffey, 581 F.3d at 1242 n.3. State Farm argues that § 1453(c) is an exception to the general rule that remand orders are not reviewable on appeal, and this Court has the authority to stay the effect of any appealable order under Fed. R. App. P. 8(a)(1). Dkt. # 82. The Court finds that it has the limited authority to reopen this case and stay its remand order, because appellate review of the Court's remand order is not barred by § 1447(d). The Court has previously determined that it lacks subject matter jurisdiction and, if State Farm's motion to stay is granted, the parties may not seek any other relief from this Court until the Tenth Circuit rules on State Farm's motion for

2

permission to appeal, or possibly the merits of the appeal if the Tenth Circuit accepts appellate jurisdiction.

To obtain a stay under Rule 8(a)(1), State Farm has the burden to show "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." FTC v. Mainstream Marketing Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003). If State Farm establishes the three "harm" factors, the Court should apply a somewhat relaxed standard to the "likelihood of success" requirement, and grant the motion for a stay if State Farm raises "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Id. at 852-53.

State Farm argues that plaintiffs have filed numerous discovery requests following remand, and State Farm will be burdened by having to simultaneously comply with plaintiffs' discovery requests and litigate its right to appeal the Court's remand order. Dkt. # 82, at 4-5. The mere fact that plaintiffs have served discovery requests on State Farm does not show irreparable harm. If the Court had retained jurisdiction, plaintiffs could have served the same discovery requests and the fact that plaintiffs are attempting to conduct discovery in no way harms State Farm. However, State Farm should not be required to simultaneously respond to plaintiffs' discovery requests and pursue its request for appellate review of the Court's remand order. This would impose an unfair burden on State Farm. There is no risk of harm to plaintiffs or the public if the Court's remand order is stayed. Plaintiffs originally filed this case on April 2, 2009, and have done relatively little to proceed with their claims. This suggests that time is not of the essence and a stay will not harm plaintiffs. The Court also notes that appellate review of jurisdiction issues under CAFA is expedited

and, if the Tenth Circuit accepts appellate review, it must rule on the appeal within 60 days of accepting appellate jurisdiction. 28 U.S.C. § 1453(c)(2). Thus, any delay caused by a stay of the Court's remand order will be relatively brief. There is also no basis for the Court to find that the public would be harmed by a stay of the remand order. Finally, the Court finds that State Farm's removal of this case raised substantial issues under CAFA that may be appropriate for appellate review under § 1453(c), and State Farm has satisfied the relaxed requirement of likelihood of success on the merits.

The Court finds that it has the authority to consider State Farm's motion for a stay of the remand order and State Farm has established each element necessary for a stay pending appeal. The Court will reopen the case for the limited purpose of staying the remand order (Dkt. # 80). State Farm will be required to notify this Court of the Tenth Circuit's decision on its motion for permission to appeal.

**IT IS THEREFORE ORDERED** that State Farm Fire and Casualty Company's Expedited Motion to Reopen Case and for an Order Staying the Effect of the Court's Remand Order Pending Appeal and Memorandum of Law in Support (Dkt. ## 82, 83) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **reopen** this case.

**IT IS FURTHER ORDERED** that the Court's Opinion and Order (Dkt. # 80) remanding this case to Tulsa County District Court is **stayed** pending the Tenth Circuit's resolution of State Farm's motion for permission to appeal under 28 U.S.C. § 1453(c) and possibly the merits of State Farm's appeal.

**IT IS FURTHER ORDERED** that defendant State Farm is directed to notify this Court **within three (3) business days** of the Tenth Circuit's decision as to whether it will grant State Farm leave to appeal this Court's order remanding the case to state court.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to mail a copy of this Opinion and Order to the court clerk of the Tulsa County District Court.

**DATED** this 30th day of April, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT